3NITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Terry L. Foster, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:25-cv-01160-BMB |
| | ) |
| v. | ) Judge Bridget M. Brennan |
| | ) |
| Gray Local Media, Inc., | ) |
| | ) |
| Defendant. | ) |

**Memorandum in Support of
Gray's Motion to Dismiss Under Rule 12(b)(6) and for Sanctions**

**I.     Introduction**

Plaintiff Terry L. Foster's complaint defeats itself in three separate and independent ways:

*First*, Foster's allegations conclusively establish that he sues over a news report published in 2021, rendering it time-barred by Ohio's one-year statute of limitations for defamation claims.

*Second*, by pleading guilty to the murder charge, Foster admits that he murdered Latrice Burks, and thus defendant Gray Local Media, Inc.'s news report that Cleveland police accused Foster of shooting and killing Burks cannot be materially false as needed to sustain Foster's defamation claim.

*Third*, Ohio's fair report privilege bars Foster's case because he alleges the purported "false information" published by Gray was "received … from the Cleveland Police Department." The fair report privilege shields the press when reporting information received from police absent actual malice, and Foster fails to plead actual malice against Gray.

Additionally, this Court should use its inherent authority to sanction Foster for filing this frivolous lawsuit in bad faith. Foster's claims are meritless, as they are time-barred, contradicted by his guilty plea, and protected by the fair report privilege. He knew or should have known of these defects, yet falsely alleges that his murder conviction was vacated (it was not) and filed a duplicative state court lawsuit to evade this Court's prior order in Case No. 1:25-cv-00139, requiring a truthful *in forma pauperis* application or payment of the filing fee. These actions constitute bad faith, justifying an award of Gray's reasonable attorneys' fees and costs.

The Court should dismiss on any or all of those grounds and sanction Foster.

## II. Facts

### A. The Parties

Plaintiff Terry Foster is currently incarcerated at the Richland Correctional Institution after pleading guilty to the murder of Latrice N. Burks, involuntary manslaughter of Napoleon Abrams, and felony drug trafficking. (*See https://appgateway.drc.ohio.gov/OffenderSearch/ Search/Details/A800636*, last visited on June 10, 2025.) *See also State v. Foster*, 2025-Ohio-836, ¶ 2 (8th Dist.).

Defendant Gray Local Media, Inc. is a Delaware corporation with a principal place of business in the state of Georgia. (Notice of Removal ¶ 4, ECF 1.) Gray owns the WOIO and WUAB television stations, which broadcast in the Cleveland area on channels 19 and 43, respectively, and WOIO publishes "19 News" programming online and on television. (*Id.* ¶ 5; Compl. ¶ 1.)

**B.     The Complaint**

Foster claims he was wrongfully convicted of murder and falsely alleges that Ohio's Eighth District Court of Appeals "vacated" his conviction due to "Insufficient Evidence, fabricated falsely, from a Reckless Investigation from the CPD." (Compl. ¶ 6.) This allegation is contradicted by the actual court of appeals' decision and online prison records, establishing that Foster pleaded guilty to murder and involuntarily manslaughter and remains in prison for those convictions. In 2024, the Eighth District vacated only the *consecutive* aspect of his prison sentences due to the trial court's failure to make required findings on the record, not due to insufficient or fabricated evidence or reckless police investigation. *See State v.* Foster, 2025-Ohio-836, ¶ 11-12 (8th Dist.) After remand, the trial court resentenced Foster to consecutive sentences with proper findings, and the Eighth District affirmed. *Id.*

Foster alleges that, at the time of the incidents in November 2021, police falsely reported to Gray that Foster had shot an unarmed woman and claims he "did not participate in no crime." (Compl. ¶ 1 ("on or about the 22th day of November 2021," Gray "received false information from the Cleveland Police Department, hereafter 'CPD' that the Plaintiff had shot a unarmed woman from his car window"), ¶ 5.)

Foster alleges that Gray published this information without "fact check[ing]" the information received from police. (Compl. ¶ 1.)

He sues Gray for defamation based on Gray's November 2021 reporting on the arrest.

**C.     The Contested News Report**

Although Foster did not attach the contested Gray news report to his complaint, Gray has attached it as Exhibit A, which this Court can consider as part of the pleadings for

3

purposes of deciding this motion. *See Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (Court "may consider exhibits ... attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment"). The entire text of the news report is reproduced below:

> **$1M bond set for man accused of killing 47-year-old Cleveland woman**
>
> By Julia Bingel
>
> *Published: Nov. 24, 2021 at 11:37 AM EST | Updated: Nov. 24, 2021 at 11:39 AM EST*
>
> CLEVELAND, Ohio (WOIO) - A 53-year-old man arrested for murdering a woman early Monday pleaded not guilty at his arraignment Wednesday.
>
> Cleveland police said Terry Foster shot and killed Latrice Burks, 47.
>
> According to officers, Foster shot and killed Burks when she approached the passenger side of a car on the city's East side.
>
> Officers were called to the 2200 block of E. 79th Street around 3:20 a.m. Monday for a report of shots fired.
> When they arrived, they found Burks dead of a gunshot wound to the chest.
>
> Foster is being held on a $1 million bond.
>
> *Copyright 2021 WOIO. All rights reserved.*

(Available at https://www.cleveland19.com/2021/11/24/1m-bond-man-accused-killing-47-year-old-cleveland-woman/, last visited on June 10, 2025.) The report also contains a booking photo of Foster, which can be seen in Exhibit A or at the cited webpage.

4

**III.    Law and Argument**

    **A.    Rule 12(b)(6) Legal Standard**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A plaintiff states a plausible claim only if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Iqbal*, 556 U.S. at 678. While the court presumes at the pleading stage that factual allegations are true, it does not presume the truth of conclusory allegations, legal conclusions couched as factual allegations, or implausible inferences. *See id.*; *see also Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) ("The court need not, however, accept unwarranted factual inferences.").

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court "may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

    **B.    The statute of limitations bars Foster's complaint on its face.**

The Court should dismiss under Rule 12(b)(6) when "the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (affirming dismissal), *citing Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also*

5

*Rizek v. Wal-Mart Stores East, LP*, No. 5:23-cv-721, 2024 WL 1930021, at *3 (N.D. Ohio May 2, 2024) (Lioi, J.) (dismissing claim barred by statute of limitations).

Ohio Rev. Code 2305.11(A) provides that "[a]n action for libel, slander . . . shall be commenced within one year after the cause of action accrued." While the Ohio Supreme Court recently adopted the discovery rule for defamation claims, it did so sparingly and only "when the publication of the libelous statements was *secretive, concealed, or otherwise inherently unknowable* to the plaintiff due to the nature of the publication." *Weidman v. Hildebrant*, 178 Ohio St.3d 3, 8 (2024) (emphasis added).

Foster's allegations conclusively establish that the one-year statute of limitations bars his defamation claim. Foster alleges that "[o]n or about the 22th day of November, 2021, News station 19News ... received false information from the Cleveland Police Department, hereafter 'CPD' that the Plaintiff had shot a unarmed woman from his car window." (Compl. ¶ 1.) Foster does not specify when Gray allegedly republished this information. That, however, does not matter because the Court may, and should, consider the contested news report in deciding this motion. (*See supra* at pp. 3-4.) The news report, attached as Exhibit A, confirms publication on November 24, 2021, consistent with the time period alleged in Foster's complaint.

Thus, Foster's deadline to sue was November 24, 2022, one year after the news report's publication on November 24, 2021. Foster's initial suit against Gray, filed on January 28, 2025,[1] was over two years late. Because Foster sues on a television station's published

---

[1] Foster initially sued Gray in this Court in Case No. 1:25-cv-00139, which was dismissed without prejudice due to Foster's failure to comply with the Court's order requiring a compliant *in forma pauperis* application or payment of the filing fee. Gray uses that case's January 28, 2025 filing date to demonstrate that the claim is time-barred, even assuming, *arguendo*, that earlier filing date applies.

6

news report, the nature of the alleged defamation was not "secretive, concealed, or inherently unknowable," rendering the discovery rule inapplicable. Foster alleges no facts supporting a contrary conclusion.

The Court should dismiss Foster's claim as barred by the statute of limitations.

### C. Foster's guilty plea forecloses him from proving falsity.

The Court should separately dismiss because Foster fails to allege a materially false statement by Gray.

Falsity is an essential element of a defamation claim. *Nat'l Medic Serv. Corp v. E.W. Scripps Co.*, 61 Ohio App.3d 752, 755 (1st Dist. 1989). No defamation plaintiff—private citizen or public figure—can recover for an allegedly defamatory statement that is not false in a material way. *Philadelphia Newspapers, Inc.* v. *Hepps,* 475 U.S. 767, 777 (1986); *Krems* v. *Univ. Hospitals of Cleveland,* 133 Ohio App.3d 6, 10 (8th Dist. 1999) ("[F]alsity is an essential element to a libel action").

To state a claim for defamation, a plaintiff's pleading must identify statements that are not just false, but *materially* false. *See Myles v. Raycom Media, Inc.*, 2019-Ohio-1993, ¶ 22-23, 27 (8th Dist.) (incorrect news report that driver was "texting" while driving was not *materially* false because she admitted she was distracted by her phone when she crashed into motorcyclists); *see also Bruss v. Vindicator Printing Co.*, 109 Ohio App.3d 396, 400 (7th Dist. 1996) ("material falsity is an essential element of a libel claim"). Thus, "[m]inor inaccuracies do not amount to falsity so long as 'the substance, the gist, the sting, of the libelous charge be justified.'" *Woods v. Sharkin*, 2022-Ohio-1949, ¶ 55 (8th Dist.), *quoting Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517 (1991); *see also Myles*, 2019-Ohio-1993, at ¶ 22-23, 27.

7

Courts dismiss defamation claims when plaintiff fails to identify a materially false statement. *See Woods*, 2022-Ohio-1949, at ¶ 55-57 (affirming 12(B)(6) dismissal); *see also Croce v. New York Times Co.*, 930 F.3d 787, 797-798 (6th Cir. 2019) (affirming dismissal of defamation claim based on statement that was not materially false).

Here, the Eighth District Court of Appeals' decision in *State v. Foster*, 2025-Ohio-836, ¶ 2 (8th Dist.),[2] confirms that Foster pleaded guilty to murdering Burks. Under Ohio law, a guilty plea constitutes a complete admission of guilt. See *State v. Hill*, 171 Ohio St.3d 524, 527 (2022) (quoting Crim.R. 11(B)(1)) ("A guilty plea is 'a complete admission of the defendant's guilt'" and may be admissible in subsequent civil proceedings)). By admitting the murder through his guilty plea, Foster cannot plausibly claim that the news report about his arrest for murder was materially false. The Court should dismiss on that additional ground.

### D. Ohio's fair report privilege bars Foster's complaint on its face.

The court should separately dismiss based on Ohio's fair report privilege. That privilege, codified at Ohio Revised Code § 2317.05, protects the press against defamation lawsuits when they merely repeat what police are reporting, unless the press publishes with "actual malice." *See Dinkel v. Lincoln Publ'g (Ohio), Inc.*, 93 Ohio App.3d 344, 346, (12th Dist.

---

[2] This Court can consider that published decision as part of the pleadings without converting this motion to one for summary judgment because: (a) Foster's complaint identifies the Eighth District's decision (although he falsely misstates the decision), (*see* Compl. ¶ 6), and thus it is incorporated by reference, *see Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) *overruled on other grounds, Swierkiwica v. Sorema, N.A.,* 534 U.S. 506 (2002) ("documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim"); and (b) the decision is public record, *see Gavitt*, 835 F.3d at 640 (Court may consider "public records" in ruling on Rule 12(b)(6) motion to dismiss). Otherwise, Foster could manipulate the pleadings to force this Court to presume as true his false allegation that the Eighth District "vacated" his murder conviction. *See Weiner*, 108 F.3d at 89 ("Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.").

36301444.2

1994), *quoting Haynik v. Zimlich*, 30 Ohio Misc.2d 16, 19, (Cuyahoga C.P. 1986); *Sullins v. Raycom Media, Inc.*, 2013-Ohio-3530, ¶ 20 (8th Dist.).

Under First Amendment law, "actual malice" requires that the press actually knew its publication was false or had reckless disregard as to its truth or falsity. *See Sullins*, 2013-Ohio-3530, at ¶ 20; *Jackson v. Columbus*, 117 Ohio St.3d 328, 331 (2008). "The phrase 'reckless disregard' applies when a publisher of defamatory statements acts with a 'high degree of awareness of their probable falsity,' or when the publisher 'in fact entertained serious doubts as to the truth of his publication." *Id.*

Whether the privilege applies often presents a question of law, as it does here. *See Oney v. Allen*, 39 Ohio St.3d 103, 107 (1988) (reversing court of appeals and holding privilege applies as a matter of law); *Dinkel*, 93 Ohio App.3d at 348 ("we find that the trial court was correct in concluding, as a matter of law, that the 'fair report' privilege of R.C. 2317.05 operated to relief appellee from liability for any alleged defamation"); *Smitek v. Lorain County Printing & Publ'g Co.*, 9th Dist. Lorain No. 94CA006023, 1995 WL 599036, at *5 (Oct. 11, 1995) ("the articles written and published by Appellees are, as a matter of law, protected by the 'fair report privilege'")(citations omitted).

Courts dismiss defamation claims when actual malice is required, and plaintiff fails to allege facts demonstrating it. *See Doe v. Univ. of Dayton*, 766 Fed. Appx. 275, 290 (6th Cir. 2019) (affirming dismissal of defamation claim where plaintiff failed to allege facts supporting her conclusory allegation of "actual malice"); *Gemperline v. Franano*, 2021-Ohio-2394, ¶ 36 (5th Dist.) (affirming dismissal where plaintiff "failed to allege any facts to show [defendants] acted with actual malice"); *Bolton v. Delta Air Lines*, 182 F. Supp. 3d 768, 774 (S.D. Ohio 2016) (dismissing where plaintiff failed to allege facts from which one could infer

9

36301444.2

actual malice); *see also Greer v. Harreld*, No. 2:24-cv-1237, 2025 WL 27380, at *5 (S.D. Ohio Jan. 3, 2025) ("federal pleading standards require a plaintiff alleging defamation where a qualified privilege applies to plead facts establishing actual malice").

Foster's complaint establishes that the fair report privilege applies, as he repeatedly alleges that the Cleveland Police Department ("CPD") provided the allegedly false information to Gray. (Compl. ¶ 1 ("WOIO … received false information from the Cleveland Police Department"), 4 ("false accusation generated by the CPD to the news station"), 5 ("CPD … gave 19News false information about the Plaintiff").) The applicability of the fair report privilege here raises the fault standard to actual malice. (*See* cases cited *supra* at p. 8.)

Foster, however, fails to plead facts showing actual malice by Gray. His conclusory allegations of "broadcast negligence" and failure to "fact check" (Compl. ¶ 2, 4) fall short of the heightened actual malice standard. *See Early v. Toledo Blade*, 130 Ohio App.3d 302, 327, 335 (6th Dist.) ("the failure to review all available sources may be considered poor journalism or negligence, but those standards do not meet the standard required to show actual malice"); *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Const. Trades Council*, 73 Ohio St.3d 1, 12-13 (1995) ("Thus, the failure to investigate before publishing will not [establish actual malice] to defeat a qualified privilege, unless the defendant entertained serious doubts as to the truth of his statements or the veracity or accuracy of his sources."); *Thompson v. Webb*, 136 Ohio App.3d 79, 85 (1st Dist. 1999) (same); *Varanese v. Gall*, 35 Ohio St.3d 78, 81-82 (1988) (same).

The Court should dismiss for the independent reason that Foster fails to plausibly allege actual malice to plead the applicable fault standard for his defamation claim.

### E.  The Court should sanction Foster for misrepresenting the outcome of his criminal appeal and filing a frivolous lawsuit against Gray.

Federal district courts possess "inherent powers" to sanction conduct "which abuses the judicial process," including "instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017). Bad faith includes "fraud on the court, improper use of the court, harassment, delay, or disruption of litigation." *Taylor v. Selection Mgmt. Sys., Inc.*, No. 1:18-cv-224, 2021 WL 274445, at *10 (N.D. Ohio Jan. 27, 2021), *quoting United States ex rel. Tingley v. PNC Fin. Servs., Grp., Inc.*, 705 F. Appx. 342, 344-45 (6th Cir. 2017).

To impose attorney fee sanctions under this inherent power, the Court must find that: (i) the claims were meritless, (ii) the party knew or should have known that they were meritless, and (iii) the suit was brought for an improper purpose, *i.e.*, in bad faith. *Taylor*, 2021 WL 274445, at *10; *see also Shepard & Assocs., Inc. v. Lokring Tech.*, LLC, No. 1:20-cv-02488, 2024 WL 1347355, at *10 (N.D. Ohio Mar. 29, 2024) (Brennan, J.). The Court's "inherent power is not limited to sanctioning attorneys only; [it] can sanction a party as well." *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008).

This Court has previously awarded attorneys' fees as a sanction when, as here, plaintiff's claim for relief was false, meritless, and plaintiff knew or should have known that it was so. *Taylor*, 2021 WL 274445, at *11-12.

As demonstrated above, Foster's claims are meritless on multiple grounds. Most egregiously, Foster alleges that Gray "defamed" him by reporting his arrest for murder, yet Foster himself admitted that he committed the murder by pleading guilty. Foster must know that he pleaded guilty because he is currently sitting in a prison cell as a result. Similarly, a

11

cursory internet search would have revealed that Ohio's one-year statute of limitations for defamation bars his suit, filed over two years too late.

To try to circumvent these defects, Foster falsely claims that his murder conviction was "vacated ... due to Insufficient Evidence, fabricated falsely, from a Reckless Investigation from the CPD." (Compl. ¶ 6.) The Eighth District Court of Appeals' decision affirming his resentencing exposes this as a deliberate falsehood. (*See supra* at pp. 3, 8.) Foster's current incarceration proves he knows this was a lie. Foster's intentional fabrication more than satisfies the bad faith requirement for sanctions.

Foster's bad faith is further evidenced by his attempt to undermine this Court's authority. He filed this lawsuit in state court to evade a pending order by this Court in a duplicative prior federal case against Gray, No. 1:25-cv-00139, requiring him to submit a truthful *in forma pauperis* application or to pay the filing fee. This maneuver demonstrates disrespect for the judicial process and this Court's authority.

All three requirements for sanctions are met: Foster's claims are meritless, he knew or should have known they were, and he acted in bad faith by lying about his conviction and attempting to frustrate this Court's order in Case No. 1:25-cv-00139. Thus, under *Goodyear*, this Court may and should award fees and costs incurred by Gray due to Foster's misconduct, including fees and costs for removing the case from state court, reviewing the complaint, drafting this motion to dismiss, and related briefing. 581 U.S. at 108–09.

If the Court grants sanctions, Gray respectfully requests leave to submit evidence of reasonable fees and costs, consistent with the Sixth Circuit's lodestar method. *See Taylor*, 2021 WL 274445, at *12 (granting fee request and ordering defendant to detail fees and expenses incurred due to bad faith misconduct that were reasonable and necessary).

12

## IV. <u>Conclusion</u>

The Court should dismiss Foster's complaint with prejudice and award attorneys' fees and costs to Gray resulting from Foster's bad faith litigation.

|  |  |
|---|---|
|  | Respectfully submitted, |
| <u>Dated</u>:   June 13, 2025 | <u>  s/ Matthew J. Cavanagh          </u><br>Matthew J. Cavanagh (OH 0079522)<br>MCDONALD HOPKINS LLC<br>600 Superior Avenue, East, Ste. 2100<br>Cleveland, Ohio 44114<br>t 216.348.5400 │ f 216.348.5474<br>mcavanagh@mcdonaldhopkins.com<br><br>*Counsel for Gray Local Media, Inc.* |

**Certificate of Service**

      I hereby certify that, on June 13, 2025, I filed the foregoing electronically through the Court's E-Filing System, which will automatically serve electronically all registered users that have entered an appearance in this case. Also, I sent a copy of the foregoing by regular U.S. mail to: Terry Foster, Inmate #800636, 1001 Olivesburg Road, Mansfield, Ohio 44905.

                                                 s/ Matthew J. Cavanagh
                                               *Counsel for Gray Local Media, Inc.*

36301444.2