UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY L. FOSTER, | ) | CASE NO.  1:25-CV-01160 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| GRAY LOCAL MEDIA, INC., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Gray Local Media, Inc.'s ("Defendant") Motion to Dismiss and Motion for Sanctions.  (Doc. 4.)  *Pro se* Plaintiff Terry Foster ("Plaintiff" or "Foster") filed a Motion to Strike Defendant's motion.  (Doc. 5.)  Defendant then filed a reply. (Doc. 7.)  For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED, Defendant's Motion for Sanctions is DENIED, Plaintiff's Motion to Strike is DENIED, and this case is DISMISSED with prejudice.

I.     BACKGROUND

Plaintiff alleges Defendant owns and operates WOIO & WUAB-TV, a local media station, which broadcasts 19News.  (Doc. 1-1 at 10, ¶ 1.)  According to the Complaint, on or about November 22, 2021, Defendant received "false information" from the Cleveland Division of Police that Plaintiff shot an unarmed woman from his car.  (*Id.*)  Plaintiff alleges Defendant never fact-checked this "false accusation," which the Cleveland Division of Police knew was false.  (*Id.* at 10, ¶¶ 2, 5.)  19News then allegedly broadcasted a story relating to the allegations

against Plaintiff. (*Id.*) Plaintiff alleges the broadcast caused significant harm to his well-being. (*Id.* at 10, ¶¶ 3-4.)

Plaintiff was charged with 26 counts relating to the murder of two individuals and attempted murder of two others. *See State v. Foster*, No. CR-22-670220, 2024 WL 2783740, 2024 Ohio App. LEXIS 1946, at *4 (Ohio Ct. App. May 30, 2024).[1] He pleaded guilty to three of those counts, including murder, involuntary manslaughter, and trafficking, all with related firearms specifications. *Id.* at *5. His guilty plea was upheld on appeal, but his sentence was reversed. *Id.* at *30-35. He was resentenced and that sentence was upheld on appeal. *State v. Foster*, No. 114148, 2025 WL 796278, 2025 Ohio App. LEXIS 794 (Ohio Ct. App. Mar. 13, 2025).

Plaintiff's co-defendant, also charged with the same 26 counts, proceeded to a bench trial. *See State v. Wilson*, No. 112690, 2024 WL 2974617, 2024 Ohio App. LEXIS 2136 (Ohio Ct. App. June 13, 2024). Plaintiff's co-defendant was found guilty of several counts, including three counts of murder, felonious assault, aggravated burglary, and drug possession. *Id.* at *3. On appeal, Plaintiff's co-defendant's conviction for one of the murders was overturned for insufficiency of evidence because there was not enough evidence to connect her to the crime. *Id.* at *91-94. Plaintiff claims his convictions were also reversed by the Eighth District Court of Appeals due to insufficient evidence, (Doc. 1-1 at 10, ¶ 6), but he only cites his co-defendant's appellate case. Still, to Plaintiff, this reversal demonstrates Defendant's reporting was false. Plaintiff seeks $415,000,000 in damages and "ownership of WOIO & WUAB-TV." (*Id.* at 11.)

On May 16, 2025, Plaintiff filed his Complaint in the Cuyahoga County Court of Common Pleas. (*See* Doc. Nos. 1; 1-1). On June 3, 2025, Defendant removed the case to this

---

[1] The Court can take judicial notice of orders by other courts. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).

Court. (Doc. 1.) Defendant then filed a Motion to Dismiss on June 13, 2025, and also requested sanctions. (Doc. 4.) On July 14, 2025, Plaintiff filed a "Motion to Strike under Fed. R. Civ. P. 12(f) Defendant's Motion to Dismiss and Proceed on the Merits." (Doc. 5.) Defendant replied on July 28, 2025. (Doc. 7.)

## II.  LEGAL STANDARD

Under Rule 12(b)(6), a court must dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the complaint must make out a plausible legal claim, meaning the complaint's factual allegations must be sufficient for a court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plausibility does not require any specific probability of success, but it does demand "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When evaluating a motion to dismiss, courts must presume all factual allegations to be true and all inferences must be drawn in plaintiff's favor. *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)). But the court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010)). A pleading that offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

(quoting *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246-47 (6th Cir. 2012)). Nor does a complaint suffice if it "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quotations and citations omitted).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure un-pleaded facts or construct claims on a plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted).

**III.   ANALYSIS**

    **A.   Motion to Dismiss**[2]

In its Motion to Dismiss, Defendant argues that Plaintiff's defamation claim is barred by the statute of limitations. (Doc. 4-1 at 27-29.) A Rule 12(b)(6) motion is "generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). But "dismissal is warranted if the allegations in the complaint affirmatively show that the claim is time-barred." *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013). Under Ohio law, an action for libel or slander must be commenced "within one year after the cause of action accrued." R.C. § 2305.11(A). The statute of limitations begins to run "when the allegedly defamatory words are

---

[2] Plaintiff did not oppose the Motion to Dismiss, instead filing a Motion to Strike. Because Plaintiff is proceeding *pro se*, and the Court liberally construes *pro se* filings, the Court considered the arguments presented in Plaintiff's Motion to Strike as also being submitted in opposition to the Motion to Dismiss.

first spoken or published regardless of the aggrieved party's knowledge of them." *Friedler v. Equitable Life Assur. Soc. of U.S.*, 86 F. App'x 50, 53 (6th Cir. 2003) (quoting *Sabouri v. Ohio Dep't of Job & Family Servs.*, 763 N.E.2d 1238, 1240-41 (Ohio Ct. App. 2001)).  Thus, there is no discovery rule in Ohio for defamation claims.[3]  *Gentile v. City of Solon*, No. 12-cv-1657, 2013 WL 123621, 2013 U.S. Dist. LEXIS 3408, at *6. (N.D. Ohio Jan. 9, 2013).  This is known as the "first publication" rule.  *Id.*  "The first publication rule bars claims for defamation even where a defendant repeats allegedly defamatory statements several times within one year of the filing date of the claim, so long as the first statement occurred more than a year prior to filing suit."  *Doe v. Coll. Of Wooster*, No. 16-cv-979, 2018 WL 838630, 2018 U.S. Dist. LEXIS 23411, at *10 (N.D. Ohio Feb. 13, 2018).

Here, Plaintiff alleges Defendant first received the defamatory information on November 22, 2021.  (Doc. 1-1 at 10, ¶ 1.)  While Plaintiff does not specify in his Complaint when the Defendant broadcasted the story, Defendant provided information which shows the broadcast occurred on November 24, 2021.[4]  (Doc. 4-1 at 28; Doc. 4-2 at 38.)  Under the applicable one-year statute of limitations, Plaintiff had until November 24, 2022, to file his complaint.  Plaintiff filed his complaint on May 16, 2025, more than three years after Defendant received and

---

[3] The Supreme Court of Ohio recently adopted a limited and narrow discovery rule for defamation claims which applies only when the alleged defamatory statements were "secretive, concealed, or otherwise inherently unknowable to the plaintiff due to the nature of the publication."  *Weidman v. Hilderbrant*, 254 N.E.3d 2, 8 (Ohio 2024).  Plaintiff does not argue this exception applies, nor could he.  From the Complaint, Plaintiff alleges the defamatory statements were widely broadcasted to the public.  (Doc. 1-1 at 10, ¶¶ 1-3.)

[4] While courts typically do not consider documents outside of the pleadings on a motion to dismiss, a "district court may consider documents submitted by the defendant without converting a motion to dismiss to a motion for summary judgment if they are referred to in the pleadings and integral to the claims."  *Moyer v. Gov't Emps. Ins. Co.*, 114 F.4th 563, 568 (6th Cir. 2024) (quotation and citation omitted).  Here, there is no dispute the article which forms the basis for Plaintiff's defamation claim is "referred to in the pleadings" and is "integral to the claims."  *Id.*

broadcasted the alleged defamatory story.[5] (Doc. 1-1 at 7.) Accordingly, the "allegations in the complaint affirmatively show" Plaintiff's claim is time-barred. *Lutz*, 717 F.3d at 464.

Plaintiff argues the publication of the false news report is a "continuing course of conduct" and therefore his claim is not time barred. (Doc. 5 at 45-46.) In support, he cites to R.C. § 2901.13(D) and related case law. (*Id.* at 46.) These authorities relate to criminal cases brought in Ohio, not civil. Plaintiff states, without support, this doctrine and case law applies to civil cases, but there is no support in the statute or case law for this position. And, in any event, "Ohio courts have consistently refused to apply any proposed continuing defamation rule, instead opting to apply the 'first publication' rule." *Gentile*, 2013 WL 123621, 2013 U.S. Dist. LEXIS 3408, at *8 (rejecting Plaintiff's claim that the statute of limitations for defamation should begin at the date of the last defamatory statement and not at the date of the first defamatory statement). Therefore, because Plaintiff's Complaint was filed well-beyond one year after the first publication of the allegedly false news report, Plaintiff's defamation claim is barred by the statute of limitations.

Because the statute of limitations is dispositive of Plaintiff's claim, the Court does not reach Defendant's other arguments for dismissal.

B. **Motion to Strike**

Instead of filing an opposition to the Motion to Dismiss, Plaintiff filed a Motion to Strike. (Doc. 5.) Federal Rule of Civil Procedure 12(f) allows a party to move to strike a "pleading." Fed. R. Civ. P. 12(f). Under Rule 7(a), a "pleading" is defined as a complaint, an answer to a

---

[5] Plaintiff initially filed this lawsuit on January 28, 2025. *Foster v. Gray Local Media, Inc.*, No. 25-cv-00139 (N.D. Ohio Jan. 28, 2025) (Brennan, J.). The Court dismissed the suit without prejudice because Plaintiff failed to pay the filing fee and did not file a *in forma pauperis* application, even after being ordered by the Court to do so. (Docs. 3, 4.) Even if this earlier date was used for statute of limitations purposes, Plaintiff's suit is still time-barred.

complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer. Fed. R. Civ. P. 7(a)(1)-(7).

Accordingly, a motion to dismiss is not a "pleading" a party can move to strike under Rule 12(f). *See Huff v. FirstEnergy Corp.*, 972 F.Supp.2d 1018, 1028-29 (N.D. Ohio 2013) (denying motion to strike a motion to dismiss because "a motion to dismiss cannot be considered a pleading within the meaning of Rule 7(a)"). The Motion to Strike is DENIED.

### C. Motion for Sanctions

As part of its Motion to Dismiss, Defendant requests sanctions for Plaintiff's misrepresentations of this criminal appeal and the filing of this frivolous lawsuit. (Doc. 4-1 at 33.) "While, generally, a court holds *pro se* pleadings to 'less stringent standards than formal pleadings drafted by lawyers,' *pro se* litigants must still abide by Rule 11's requirements and are not exempt from Rule 11 sanctions 'simply because they are not represented by counsel.'" *Patrick v. Kasaris*, No. 21-cv-1155, 2022 WL 1406613, 2022 U.S. Dist. LEXIS 81241, at *7 (N.D. Ohio May 4, 2022) (first quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), then quoting *King v. IB Prop. Holdings Acquisitions*, 635 F.Supp.2d 651, 661 (E.D. Mich. 2009)). Moreover, a court has the "inherent power" to sanction a *pro se* litigant "who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Am. Trust v. Sabino*, 230 F.3d 1357 (6th Cir. 2000) (unpublished table decision).

While Plaintiff's claims are meritless, the filing of this lawsuit does not warrant the imposition of sanctions. That said, Plaintiff is now aware the claims asserted against Defendant here are meritless. Plaintiff is further cautioned that any misrepresentations made in future litigation may result in sanctions.

IV.  **CONCLUSION**

For the reasons stated herein, Defendant Gray Local Media, Inc's Motion to Dismiss (Doc. 4) is GRANTED, Defendant Gray Local Media, Inc.'s Motion for Sanctions (Doc. 4) is DENIED, Plaintiff's Motion to Strike (Doc. 5) is DENIED, and this case is DISMISSED with prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this Order cannot be taken in good faith.

**IT IS SO ORDERED.**

Date:  September 12, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE